# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NICHOLAS ROBERSON,

    Plaintiff,

v.

J. TORRES, et al.,

    Defendants.
_____/

Case No. 09-12927
Honorable Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION
### and
## ORDER REFERRING THE MATTER BACK TO THE MAGISTRATE JUDGE

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated July 19, 2010 [Doc. No. 51]. Objections were filed on August 2, 2010 and a Reply to the Objections was filed on August 16, 2010.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

*Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

A Motion to Dismiss or for Summary Judgment was filed by Defendants Juan De Los Santos, Lee McRoberts, B. Evers and J. Eaton on November 9, 2009 based on failure to exhaust administrative remedies. Defendants Shawne Sarnac and Pirlot joined in the motion. Defendant J. Torres filed a Motion to Dismiss or for Summary Judgment on February 6, 2009 also based on failure to exhaust administrative remedies. The Magistrate Judge found that Plaintiff exhausted his administrative remedies on certain claims. Defendants object to the Magistrate Judge's findings that Plaintiff exhausted his administrative remedies as to the first and second grievances. No Objections were filed as to the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies regarding the handling of his grievances by Defendant Eaton and the claims against Defendants Sarnac and Pirlot regarding Plaintiff's mental health treatment.

The Court agrees with the Magistrate Judge that Plaintiff properly exhausted both of his grievances. The Court overrules Defendants' Objections to the Magistrate Judge's conclusion and accepts the Magistrate Judge's finding that Plaintiff properly exhausted both of his grievances. The Magistrate Judge's analysis properly considered all the evidence before him on this issue.

The Court further agrees with the Magistrate Judge that Plaintiff failed to exhaust his administrative remedies as to the claims against Defendant Eaton on how he handled Plaintiff's grievances and against Defendants Sarnac and Pirlot regarding Plaintiff's mental health treatment after Plaintiff returned from the hospital. These claims are dismissed.

No Objections were filed to the Magistrate Judge's recommendation that Plaintiff's injunctive claims against Defendants McRoberts, Evers and Eaton should be dismissed. There were

also no Objections filed to The Magistrate Judge's recommendation that claims against the remaining Defendants in their official capacities should be dismissed.

The Court accepts and adopts the Magistrate Judge's conclusion and recommendation that the claims against Defendants McRoberts, Evers and Eaton be dismissed. The injunctive claims against Defendants McRoberts and Evers are dismissed since Plaintiff has failed to show that these Defendants were personally involved as required under 42 U.S.C. § 1983. The claims against Defendant Eaton are also dismissed for failure to state a claim for relief based on Defendant Eaton's denial of the grievances submitted by Plaintiff.

The Magistrate Judge's finding on Defendants' Motion to Stay Discovery is adopted and accepted by this Court.

Accordingly,

IT IS ORDERED that Magistrate Judge Paul J. Komives' July 19, 2010 Report and Recommendation [**No. 51, 7/19/2010**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss or for Summary Judgment Based on Failure to Exhaust Administrative Remedies **[No. 22, 11/9/2009]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or for Summary Judgment Based on Failure to Exhaust Administrative Remedies **[No. 43, 2/26/2010]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Motion for Protective Order Staying Discovery **[No. 44, filed 2/26/2010]** is MOOT.

IT IS FURTHER ORDERED that Defendants Eaton, Sarnac, Pirlot, McRoberts and Evers are DISMISSED.

IT IS FURTHER ORDERED that the matter proceed as to the remaining monetary damages claims against Defendants Torres, De Los Santos and eight unknown correctional officers in their individual capacities.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for a hearing and determination on all pretrial matters, to supervise any discovery, if required, and to ensure the preparation of a Joint Final Pretrial Order and to issue any report and recommendation on any dispositive motions relating to any remaining claim pursuant to 28 U.S.C. § 636(b)(1)(B).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 27, 2010

I hereby certify that a copy of the foregoing document was served upon Nicholas Roberson, Reg. No. 290290, Baraga Maximum Correctional Facility, 13924 Wadaga Rd., Baraga, MI 49908 and counsel of record on September 27, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager