# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NICHOLAS ROBERSON,

    Plaintiff,                                   Case No. 09-12927
                                                  Honorable Denise Page Hood

v.

J. TORRES,

    Defendant.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION, DENYING MOTION FOR SUMMARY JUDGMENT, REFERRING THE MATTER BACK TO THE MAGISTRATE JUDGE and SETTING FINAL PRETRIAL CONFERENCE DATE

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation filed January 3, 2013. [Doc. No. 82]. Plaintiff Nicholas Roberson timely filed Objections and Defendants filed a response to the Objections.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Plaintiff's main objection is that the Magistrate Judge erred in concluding that there were no genuine issues of material fact that Defendant J. Torres' action in applying a chemical agent on Plaintiff while asleep violated Plaintiff's Eighth Amendment right to be free from excessive force. After review of the Magistrate Judge's Report and Recommendation, the Court rejects his findings and conclusions that summary judgment should be granted on Defendant's Motion for Summary Judgment on the Eighth Amendment excessive force claim. The Court finds genuine issues of material facts remain on this claim.

The Eighth Amendment "prohibits punishments that involve the unnecessary and wanton infliction of pain, including inflictions of pain that are totally without penological justification." *Lockett v. Suardini,* 526 F.3d 866, 875 (6th Cir. 2008)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981))(internal quotation marks omitted). "Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986)(internal quotation marks omitted).

Contemporary standards of decency always are violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The standard for analyzing excessive force claims under the Eighth Amendment is whether the force was applied in good-faith to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 7. Factors to be considered in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an

2

inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of a forceful response. *Id.* Prison officials confronted with a prison disturbance must balance the threat unrest poses to inmates, prison workers, administrators and visitors against the harm inmates may suffer if guards use force. *Id.* at 6. Prison officials are given wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline because they must make their decisions in haste, under pressure and frequently without luxury of a second chance. *Id.; See also, Combs v. Wilkinson,* 315 F.3d 548, 557 (6th Cir. 2002). This does not mean that every touch by a prison guard gives rise to a federal cause of action. *Id. De minimis* uses of physical force are excluded from the Eighth Amendment's prohibition of "cruel and unusual" punishments. *Id.* at 9-10. The nature of the prison setting in which the conduct occurs must be taken into account to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing. *Lockett,* 526 F.3d at 875.

The Court finds that the facts set forth by the parties, taken in light most favorable to Plaintiff, create a genuine issue of material fact that the use of chemical agent on Plaintiff was necessary since he was sleeping. There was no disturbance at that time where officers were required to respond with chemical agents. Applying below the *Hudson* factors noted by the Magistrate Judge, the Court finds that summary judgment must be denied.

As to the extent of the injury, a showing of significant injury is not required, but that the inquiry should focus on "the nature of the force rather than the extent of the injury." *Williams v. Curtin,* 631 F.3d 380, 384 (6th Cir. 2011). Plaintiff testified at his deposition that he breathed in the gas and started choking. (Roberson Dep., Pg ID 769) Plaintiff testified he was asleep. (*Id.*) There

3

is a genuine issue of material fact whether applying a chemical agent on Plaintiff–the nature of the force–was malicious and sadistic.  As to factors the need for the force, the relationship between the need for force, and the official's reasonable perception of the threat posed, the Court finds genuine issues of material fact remain given that Plaintiff testified he was asleep.  If viewing the evidence in light most favorable to Plaintiff, that he was asleep, there is a genuine issue of fact as to whether that force was required.  There was no disturbance at that time involving Plaintiff which involved significant risks to the safety of inmates and prison staff.  Defendant Torres' action was not a "response" to any disturbance or disobedience by Plaintiff, but an attempt to wake Plaintiff, which action may not have been taken in good faith and perhaps motivated by the malicious purpose of causing harm.  *Williams,* 631 F.3d at 384.  There also remains a genuine issue of material fact as to whether Defendant Torres made any effort to temper the severity of his action, by first attempting to determine whether Plaintiff was in fact awake or merely feigning sleep.  Defendant Torres is not entitled to qualified immunity because the right of inmates to be free from cruel and unusual punishment is clearly established under the Eighth Amendment.  *Hudson,* 503 U.S. at 9.

       Accordingly,

       IT IS ORDERED that Magistrate Judge Paul J. Komives' January 3, 2013 Report and Recommendation [**No. 82]** is REJECTED.

       IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[No. 79]** is DENIED.

       IT IS FURTHER ORDERED that Plaintiff's *pro se* Objections to the Magistrate Judge's Order regarding Order granting Motion to Amend and granting in part the Motion to Compel **[No. 66]** is DENIED and OVERRULED given that Plaintiff is now represented by counsel and the matter

has proceeded with discovery.

      IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge to determine or make a recommendation whether the action against the JOHN DOES should proceed, to resolve any outstanding discovery matters, if any, and to prepare the matter for the Final Pretrial Conference.

      IT IS FURTHER ORDERED that the Final Pretrial Conference is set for **May 7, 2013, 3:00 p.m.** before the undersigned. A proposed Joint Final Pretrial Order pursuant to E.D. Mich. LR 16.2 must be submitted by April 30, 2013.

      S/Denise Page Hood
      Denise Page Hood
      United States District Judge

Dated: March 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2013, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager