UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ROBERSON,

      Plaintiff,                         Case No. 09-12927

v.                                    HONORABLE DENISE PAGE HOOD

J. TORRES, et al.,

      Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT,
## GRANTING MOTION IN LIMINE
## and SETTING DATES

## I.      BACKGROUND

On July 24, 2009, this action filed by Plaintiff Roberson was transferred from

the United States District Court, Western District of Michigan. On August 12, 2009

an Amended Complaint was filed pro se naming seven individual Defendants and

eight unknown correctional officers who were members of the Emergency Response

Team. (Doc. No. 15) Roberson alleges excessive force, deliberate indifference to

medical needs, unsafe conditions, failure to protect and investigate and retaliation.

(Doc. No. 15, Pg ID 51)

On September 27, 2010, the Court entered an Order adopting the Magistrate

Judge's Report and Recommendation dismissing certain Defendants and allowing the

monetary claims to proceed as to Torres and Juan De Los Santos and eight unknown correctional officers. (Doc. No. 55, Pg ID 333) A Notice of Appearance was filed by Edwin B. Sadik representing Roberson. (Doc. No. 74) De Los Santos was voluntarily dismissed by Plaintiff on May 10, 2012. (Doc. No. 78) On March 13, 2013, the Court entered an Order rejecting the Magistrate Judge's Report and Recommendation and denying Defendants' Motion for Summary Judgment. (Doc. No. 85) The matter was referred back to the Magistrate Judge for a recommendation as to the remaining John Does.

On March 27, 2013, the Magistrate Judge entered an order allowing Edwin B. Sadik to withdraw as Plaintiff's counsel. (Doc. No. 88) Counsel was assigned to represent Roberson on July 18, 2013 by the Magistrate Judge. (Doc. No. 98) Defendants appealed the Court's order on March 29, 2013. This matter was stayed pending the resolution of the appeal. (Doc. No. 100) On October 21, 2014, the Sixth Circuit issued its opinion affirming this Court's Order denying summary judgment motion. (Doc. No. 101) This matter thereafter proceeded through discovery, with discovery completed by August 10, 2015.

This matter is now before the Court on Roberson's Motion for Leave to file a Second Amended the Complaint to add named Defendants. A response and reply have been filed. A hearing was held on the matter.

## II.   ANALYSIS

Roberson seeks to amend the Complaint to add named-Defendants and to relate back to the original Complaint regarding the statute of limitations period.  Torres opposes the motion as untimely and because the statute of limitations has passed as to the claims against the proposed Defendants.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served.  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) further provides that a party may amend its pleading on leave of court.  Leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility.  *Foman v. Davis,* 371 U.S. 178, 184 (1962).  Delay alone, regardless of its length is not enough to bar amendment if the other party is not prejudiced. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999).  Allowing an amendment after the close of discovery and dispositive motion deadline has passed creates significant prejudice because discovery would have to be reopened and the defendant must now prepare a defense for a claim quite different than the claim that was before the court.  *Id.*  When an amendment is sought at a late state of litigation, there is an increased burden on the moving party to show justification for

3

failing to move earlier. *Bridgeport Music, Inc. v. Dimension Films,* 401 F.3d 647, 662 (6th Cir. 2004). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

The crux of the parties' dispute concerns Rule 15(c)(1)(C)(ii). That subsection has two components: 1) whether there was a mistake concerning the identity of a prospective defendants; and 2) whether a prospective defendant knew or should have known that it should have been sued but for the mistake of identity. *Black-Hosang v. Ohio Dep't of Public Safety,* 96 F. App'x 372, 375 (6th Cir. 2004). The Sixth Circuit allows substitutions to correct the plaintiff's misidentification of a defendant. *Id.* at 376-77.

"As a general rule, an amendment pursuant to Rule 15 ... relates back only to the matters relating to the original parties of the complaint, or to correct a misnomer or misdescription of defendant, and not to add or substitute a new party defendant." *U.S. v. Western Cas. & Sur. Co.,* 359 F.2d 521, 523 (6th Cir. 1966). The focus is not whether a plaintiff knew or should have known the identity of the proper defendant, but whether the proper defendant knew or should have known that it would have been named as a defendant but for an error in defendant's identity. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010). A plaintiff may know that the prospective

defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue and may mistakenly chose to sue a different defendant based on that misimpression. *Id.* This kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied. *Id.* Courts may infer an absence of mistake only if the complaint and a plaintiff's conduct together demonstrate that a plaintiff sought some strategic advantage in naming the wrong defendant in the original complaint. *Id.* at 552. The purpose of relation back is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules for resolving disputes on their merits. *Id.* at 550. The Sixth Circuit has held that a complete lack of knowledge as to the identity of a defendant–a suit against a Doe defendant, for example–is not equivalent to a "mistake" concerning the identity of the actual defendant's identity within the meaning of Rule 15(c). *Moore v. State of Tenn*., 267 F. App'x 450, 455 (6th Cir. 2008).

In this case, Roberson agrees the statute of limitations is well passed. The statute of limitations in a section1983 case borrows its limitation period from the applicable state law injury torts which in Michigan is 3 years. MCL § 600.5805(1). The incident in the complaint occurred on March 10, 2009, which means the limitations period expired on March 10, 2012. During discovery in this case, defense

counsel sent documents on January 5, 2012 to Roberson's then-counsel which identified the names of all the proposed new Defendants Roberson now seeks to add. (Doc. No. 114, Exs. A, B)  Roberson does not argue he made a "mistake" in identifying current Defendant Torres as a defendant, but rather that the eight unknown correctional officers was not known to him because his former counsel did not give his current counsel the discovery provided by the defense.  Roberson is also not substituting Torres with the additional defendants because he "mistakenly" named Torres as a Defendant.  Roberson is instead adding new Defendants because they were unknown to him, or rather, current counsel.

As the Sixth Circuit has held, a complete lack of knowledge as to the identity of a defendant–a suit against a Doe defendant, for example–is not equivalent to a "mistake" concerning the identity of the actual defendant's identity within the meaning of Rule 15(c).  *Moore*, 267 F. App'x at 455.  Roberson cannot meet the criteria for adding a defendant at this late date and relating the limitations period back to the original complaint because he has not shown a "mistake" in identifying the original named-defendant.  Roberson relies on *Daily v. Monte,* 26 F. Supp. 2d 984 (E.D. Mich. 1998) to support his request to amend the Complaint, but *Daily* is inapplicable since Roberson, through his counsel, had knowledge of the identity of the Doe defendants.  It is noted the *Daily* case is a district court case, which was issued

6

well before the *Moore* case issued by the Sixth Circuit. The proposed amended complaint adding certain named defendants is futile.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint **(Doc. No. 110)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Exclude at Trial Evidence of Plaintiff's Prior Misconduct **(Doc. No. 111)** is GRANTED, in light of the parties' agreement placed on the record.

IT IS FURTHER ORDERED that the following dates govern this matter:

Final Pretrial Conference is set for: Dec. 14, 2015, 2: 15 p.m.
  (All parties with authority to settle must appear)
Proposed Joint Final Pretrial Order
  must be submitted by: Dec. 7, 2015

Jury Trial is set for: Jan. 12, 2016, 9:00 a.m.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 13, 2015

7

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 13, 2015, by electronic and/or ordinary mail.

S/LaShawn Saulsberry
Case Manager