UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ROBERSON,

    Plaintiff,

                                            Case No. 09-CV-12927-DT

v.

                                            HONORABLE DENISE PAGE HOOD

JAMES TORRES,

    Defendant.

_____/

**ORDER REGARDING MOTION IN LIMINE**

**I.    BACKGROUND**

    **A.    Procedure**

Plaintiff Nicholas Roberson ("Plaintiff") seeks to recover damages from Defendant James Torres ("Defendant") for the use of a chemical agent and physical force against Plaintiff, without need or provocation, which actions Plaintiff alleges were done maliciously and sadistically and constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. A trial by jury is scheduled to commence on January 12, 2016.

This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence, specifically, a March 10, 2009 video involving Plaintiff but not Defendant. (Doc. No. 121) Plaintiff has filed a response. (Doc. No. 122) The Court, having

concluded that the decision process would not be significantly aided by oral argument, orders that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2).

**B.    Facts**

At the time the events giving rise to the present matter occurred, Plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, one of many Michigan Department of Corrections ("MDOC") facilities. While in prison, Plaintiff has battled depression and attempted suicide four times. On March 10, 2009, MDOC staff asked Plaintiff's bunkmate to move out of their cell. When the bunkmate did not comply, MDOC officers donned protective gear, applied a chemical agent to the cell, and extracted both Plaintiff and his bunkmate. The March 10, 2009, incident was captured on video ("March 10 video"). It is undisputed that: (1) Defendant was not involved in the March 10, 2009, incident, and (2) he does not appear, nor is he mentioned, in the March 10 video.

After the events of March 10, 2009, Plaintiff contends he fell into an introverted state of depression. Plaintiff refused to eat for three days, and he was placed in a suicide observation cell. On March 13, 2009, Defendant was tasked with escorting Plaintiff from the suicide observation cell to a local hospital. Due to depression and fatigue, Plaintiff was unresponsive when Defendant ordered him to the cell door.

Defendant sprayed a chemical agent into Plaintiff's cell and left. Once the chemical agent hit Plaintiff's lungs, Plaintiff immediately complied with Defendant's order. After a period of time, Defendant returned with a team of MDOC officers to free Plaintiff from the gas filled cell. The March 13, 2009, incident was captured on video ("March 13 video").

## II. ANALYSIS

In his motion in limine, Defendant seeks to exclude the March 10 video pursuant to Federal Rules of Evidence 401 and 403. Defendant cites no other legal authority in support of his motion.

### A. Legal Standard

District courts have broad discretion over matters involving the admissibility of evidence at trial. *See, e.g., United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Evidence is relevant if it has "*any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). "The court *may* exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403 (emphasis added).

### B. March 10 Video

### *1. Relevancy under Rule 401*

Defendant argues that the March 10 video is not relevant and should be excluded pursuant to Rule 401. Defendant contends that nothing in the video makes any fact of consequence in this matter any more or less probable. Defendant's argument is rooted in the undisputed facts that he was not involved in the March 10, 2009, incident and does not appear, nor is he mentioned, in the March 10 video.

Plaintiff responds that the March 10 video is relevant because it:

1. Establishes how Plaintiff ended up in a suicide observation cell;

2. Establishes he was suffering from immense depression and fatigue on March 13, 2009;

3. Demonstrates the proper procedure for MDOC applying a chemical agent to a cell; and

4. Contains the basis for his damages; specifically, it demonstrates how the March 10, 2009, incident sparked a new battle of depression for Plaintiff.

Defendant counters that Plaintiff's depression is not an issue of fact for trial and that there is no evidence that: (a) Defendant knew Plaintiff's mental condition on March 13, 2009, or (b) Plaintiff's mental condition was relevant to Defendant's decision to use a chemical agent that day. Defendant further argues that Plaintiff's mental condition is not relevant to the legal issue of whether Defendant used excessive force.

In assessing the relevancy of proposed evidence, the Court does not "consider the weight or sufficiency of the evidence in determining relevancy and '[e]ven if [the]

4

district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)). The Court need not, as Defendant suggests, determine that the evidence is relevant to the specific legal issue of whether Defendant used excessive force against Plaintiff on March 13, 2009.

The Court finds that the March 10 video contains probative evidence that is relevant to the issues to be tried. Contrary to Defendant's position, Plaintiff's mental condition may be relevant in this matter. For example, Plaintiff's mental condition on March 13, 2009, may be probative of why Plaintiff did not respond to Defendant's order to Plaintiff to come to his cell door to be placed in restraints to be taken for an off-site medical visit. Plaintiff's mental condition also may be probative of why he was not eating the days prior to March 13, 2009 (creating the need to be taken to an off-site medical visit) and was in a suicide observation cell at the time of the March 13, 2009, incident. Finally, Plaintiff's mental condition may bear on the amount of damages, if any, he suffered. In addition, to the extent that the March 10 video shows that the procedure used by MDOC officers to apply chemical agent to a cell and extract the prisoner(s) on March 10, 2009, differed from the procedure utilized by Defendant on March 13, 2009, such evidence may be probative and relevant as to

whether Defendant used excessive force when spraying a chemical agent into, and removing Plaintiff from, the suicide observation cell.

For the reasons stated above, the Court finds that the March 10 video is probative and relevant to the issues to be litigated at trial.

    2.    *Rule 403 Analysis*

Defendant contends that showing the March 10 video will be "problematic" for several reasons. First, because Defendant had no involvement in the March 10 cell extraction, he asserts there is a danger he will be judged unfairly for, and prejudiced by, the "violent" actions of others, such that even a curative jury instruction may not be sufficient. Second, Defendant asserts that the March 10 video would likely and unnecessarily confuse the issues for the jury because the jury might consider both the March 10, 2009, incident and the March 13, 2009, incident as equally relevant when only the events of March 13, 2009, are to be considered for purposes of determining whether Defendant properly used a chemical agent in good faith on March 13, 2009. Third, although Plaintiff wants to introduce the March 10 video to show to the jury that he was emotionally unstable after the March 10, 2009, incident, Defendant asserts that the jury could be inclined to: (a) give the video much more importance than that, and (b) confuse the fact that the only legal issue for the jury to decide stems from the March 13, 2009, incident.

Plaintiff argues that showing the March 10 video is not prejudicial or confusing. As Plaintiff notes, in the first few minutes of the March 10 video, the MDOC officers involved are identified. Defendant is not one of the named MDOC officers, and he does not appear, nor is he mentioned, in the March 10 video. Plaintiff suggests, and the Court agrees, that it will be clear to the jury that Defendant was not involved in the March 10 incident. For that reason, the Court concludes that any alleged prejudice created by the introduction of the March 10 video would not substantially outweigh its probative value.

There also will be no confusion between the videos because both videos begin by clearly identifying the parties involved, and Defendant is not named or pictured in the March 10 video. On the other hand, Defendant is named and pictured in the March 13 video, and Defendant is the sole defendant and the only MDOC officer expected to testify at trial. The Court believes the jury will have no trouble understanding that the reasonableness of Defendant's actions and/or omissions on March 13, 2009, are the sole basis for Plaintiff's claims.

For the foregoing reasons, the Court finds that the probative value of the March 10 video is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403.

The Court notes that Plaintiff suggests that any potential jury confusion could

be resolved by giving curative jury instructions. Citing *U.S. v. Hans*, 684 F.2d 343, 346 (6th Cir. 1982). Plaintiff has even suggested that jurors could be instructed that Defendant: (1) took no part in the March 10, 2009 incident, and (2) they should only view the March 10, 2009 video for the limited purposes set forth in Section II.B.1 above. If Defendant wants such a limiting instruction given to the jury, the parties must provide the Court with a stipulated limiting instruction at or before jury selection.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion in Limine to Exclude Evidence (Doc. No. 121) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager